IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARK SAMUEL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 25-2407 |
| | § | |
| PHILLIPS 66 COMPANY, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT PHILLIPS 66 COMPANY'S
ORIGINAL ANSWER & AFFIRMATIVE AND OTHER DEFENSES**

Defendant Phillips 66 Company, on behalf of itself, its affiliates, its predecessors, parents, agents successors, officers, directors, representatives, employees, and all persons acting or purporting to act on their behalf, including all persons Plaintiff contends have acted on their behalf ("Phillips 66") files its Original Answer and Affirmative and Other Defenses to the Original Complaint of Plaintiff Mark Samuel ("Original Complaint") and respectfully shows the Court the following:

**I.
AFFIRMATIVE AND OTHER DEFENSES**

Phillips 66 pleads the following affirmative and other defenses, but does not assume the burden of proof except to the extent required on pure affirmative defenses:

1. Plaintiff's claims are barred, in whole or in part, by the statute of limitations.

2. Plaintiff's claims are barred, in whole or in part, to the extent that those claims exceed the scope of, or are inconsistent with, the Charge of Discrimination he filed with the Equal Employment Opportunity Commission ("EEOC").

3. Plaintiff's claims are barred, in whole or in part, because Phillips 66 acted, at all times, reasonably, in good faith, and with a legitimate, non-discriminatory, non-retaliatory purpose, and Phillips 66 would have taken the same actions regardless of any other reasons.

4. Plaintiff's claims are barred because any actions Phillips 66 took with respect to Plaintiff would have been taken regardless of any protected status or characteristic or any protected activity within the ambit of Title VII of the Civil Rights Act, as amended.

5. Phillips 66 denies the allegations contained in Plaintiff's Original Complaint and denies that it engaged in any unlawful conduct. However, to the extent Plaintiff has alleged any unlawful conduct by Phillips 66, Plaintiff's claims are barred, in whole or in part, because Plaintiff cannot demonstrate that Phillips 66 either knew or should have known of any allegedly discriminatory or retaliatory acts and failed to take remedial action.

6. Plaintiff's claims are barred, in whole or in part, because Plaintiff cannot demonstrate that Phillips 66 either knew or should have known of any discriminatory or harassing acts and failed to take remedial action.

7. Phillips 66 denies the allegations in Plaintiff's Complaint. However, Phillips 66 affirmatively pleads that it has in place anti-discrimination, anti-harassment, and anti-retaliatory policies, which includes a complaint procedure to prevent and/or correct any alleged discrimination, alleged harassment, alleged retaliation, or other unlawful conduct. Plaintiff unreasonably failed to take advantage of this procedure.

8. Phillips 66 denies the allegations contained in Plaintiff's Complaint and denies that it engaged in any unlawful conduct. However, Phillips 66 affirmatively pleads that, to the extent Plaintiff has alleged any unlawful conduct by it, Phillips 66 exercised reasonable care to prevent and properly correct such alleged conduct.

9. Plaintiff's alleged losses and damages, if any, are the result of, and directly related to, Plaintiff's own conduct, actions and/or failure to act, and not of Phillips 66's conduct, actions or failure to act.

10. Plaintiff's claims for damages are capped or limited in accordance with applicable law.

11. Plaintiff's claim for punitive damages in this case violates the provisions of the Fifth and Fourteenth Amendment of the United States Constitution and the Texas Constitution, Article I §§ 13 and 19.

12. Plaintiff's claims for punitive and/or liquidated damages are barred because the alleged acts or omissions of Phillips 66 fail to rise to the level required to sustain an award of punitive and/or liquidated damages, do not evidence a malicious or reckless indifference to Plaintiff's state or federally protected rights, and are not so wanton or willful as to support an award of punitive and/or liquidated damages.

13. Plaintiff's claim for punitive and/or liquidated damages is barred because any alleged discriminatory or retaliatory employment decision was contrary to Phillips 66's good faith efforts to comply with the anti-discrimination and/or anti-retaliation laws, including but not limited to Title VII and Texas Labor Code.

14. Plaintiff's claims are barred because any actions Phillips 66 took regarding Plaintiff were based on reasonable factors other than Plaintiff's race, alleged protected activity, or any other allegedly protected status held by Plaintiff; were made in good faith and for good cause and without malice; were essential and necessary to the operation of Phillips 66's business; and were at all times motivated solely and required by legitimate, nondiscriminatory, and nonretaliatory reasons.  If any improper, illegal, or discriminatory actions were taken by any of

Phillips 66's employees against Plaintiff, they were outside the course and scope of such employees' employment, contrary to Phillips 66's policies, and were not ratified, confirmed, or approved by Phillips 66. Thus, any such actions cannot be attributed or imputed to Phillips 66.

15. All actions taken by Phillips 66 with respect to Plaintiff were justified, in good faith, and without malice.

16. Subject to further discovery, Plaintiff failed to mitigate his damages, if any, as required by law.

17. Assuming, *arguendo*, Plaintiff is entitled to recover damages in this action, Plaintiff's claims would be subject to set-offs and deductions, including any and all payments for wages, benefits, or other income received by Plaintiff during the time period for which damages are sought.

18. Plaintiff's claims are barred, in whole or in part, because he was the sole and/or proximate cause of his alleged injuries and damages.

19. Subject to further discovery, Plaintiff's damages are limited by the doctrine of after-acquired evidence.

20. Subject to further discovery, Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands, estoppel, laches, waiver, and/or ratification.

Phillips 66 reserves the right to assert other defenses reasonably in advance of trial and as applicable during the course of this litigation.

## II.
## ORIGINAL ANSWER

In addition to the Affirmative and Other Defenses listed above, Phillips 66 answers Plaintiff's Original Complaint as follows:

## PARTIES

1. Phillips 66 lacks sufficient information to admit or deny the allegations in Paragraph 1 of Plaintiff's Original Complaint.

2. Phillips 66 admits the allegations in Paragraph 2 of Plaintiff's Original Complaint.

## JURISDICTION AND VENUE

3. Phillips 66 admits jurisdiction is proper pursuant to 28 U.S.C. § 1331.

4. Phillips 66 admits it is an employer and that Plaintiff is a former Phillips 66 employee as alleged in Paragraph 4 of Plaintiff's Original Complaint.

5. Phillips 66 admits that Plaintiff is a former Phillips 66 employee as alleged in Paragraph 5 of Plaintiff's Original Complaint.

6. Phillips 66 admits the allegations in Paragraph 6 of Plaintiff's Original Complaint.

7. Phillips 66 admits that venue is proper but denies the allegations in Paragraph 7 of Plaintiff's Original Complaint and denies that it engaged in any unlawful conduct.

## FACTUAL ALLEGATIONS

8. Phillips 66 admits the allegations in Paragraph 8 of Plaintiff's Original Complaint.

9. Phillips 66 admits Plaintiff initially reported to Crispin Glymph. Except as expressly admitted, Phillips 66 denies the allegations in Paragraph 9 of Plaintiff's Original Complaint.

10. Phillips 66 admits the allegations in Paragraph 10 of Plaintiff's Original Complaint.

11. Phillips 66 admits Plaintiff was offered two positions as alleged in Paragraph 11 of Plaintiff's Original Complaint. Except as expressly admitted, the allegations in Paragraph 11 of Plaintiff's Original Complaint are denied.

12. Phillips 66 denies the allegations in Paragraph 12 of Plaintiff's Original Complaint, as drafted.

13. Phillips 66 denies the allegations in Paragraph 13 of Plaintiff's Original Complaint.

14. Phillips 66 admits that Plaintiff did not receive a salary increase when he became the Director of Business Insights in 2021. Except as expressly admitted, Phillips 66 denies the remaining allegations in Paragraph 14 of Plaintiff's Original Complaint.

15. Phillips 66 denies the allegations in Paragraph 15 of Plaintiff's Original Complaint.

16. Phillips 66 denies the allegations in Paragraph 16 of Plaintiff's Original Complaint.

17. Phillips 66 denies the allegations in Paragraph 17 of Plaintiff's Original Complaint.

18. Phillips 66 denies the allegations in Paragraph 18 of Plaintiff's Original Complaint.

19. Phillips 66 denies the allegations in Paragraph 19 of Plaintiff's Original Complaint.

20. Phillips 66 admits that Plaintiff represents that he maintains an associate's degree in mechanical and electrical technology, a bachelor's degree in supply chain management, and a master's degree in business intelligence and data analytics, but lacks sufficient information to admit or deny whether Plaintiff has the represented degrees. Except as expressly admitted, Phillips 66 denies the allegations in Paragraph 20 of Plaintiff's Original Complaint.

21. Phillips 66 admits that Plaintiff represents that he maintains professional experience and relevant corporate experience, but lacks sufficient information to admit or deny whether Plaintiff has the represented experience. Except as expressly admitted, Phillips 66 denies the allegations in Paragraph 21 of Plaintiff's Original Complaint.

22. Phillips 66 admits the allegations in Paragraph 22 of Plaintiff's Original Complaint.

23. Phillips 66 admits Elise Herdon served as Plaintiff's supervisor, she is Caucasian, and she resigned her position at Phillips 66. Except as expressly admitted, Phillips 66 denies the remaining allegations in Paragraph 23 of Plaintiff's Original Complaint.

24. Phillips 66 admits the allegations in Paragraph 24 of Plaintiff's Original Complaint.

25. Phillips 66 admits Linda Fritsch is Caucasian, she is a senior manager, and she was not Plaintiff's direct supervisor. Except as expressly admitted, Philips 66 denies the remaining allegations in Paragraph 25 of Plaintiff's Original Complaint.

26. Phillips 66 denies the allegations in Paragraph 26 of Plaintiff's Original Complaint.

27. Phillips 66 denies the allegations in Paragraph 27 of Plaintiff's Original Complaint.

28. Phillips 66 admits that on or about November 23, 2023, Plaintiff and his supervisor, Tracy Eason, met to discuss Plaintiff's 2023 performance. Except as expressly admitted, Phillips 66 denies the remaining allegations in Paragraph 28 of Plaintiff's Original Complaint.

29. Phillips 66 denies the allegations in Paragraph 29 of Plaintiff's Original Complaint.

30. Phillips 66 admits the allegations in Paragraph 30 of Plaintiff's Original Complaint.

31. Phillips 66 admits the allegations in Paragraph 31 of Plaintiff's Original Complaint.

32. Phillips 66 admits the allegations in Paragraph 32 of Plaintiff's Original Complaint.

33. Phillips 66 admits Plaintiff met with Human Resources on or around March 6, 2024 to discuss his performance plan. Except as expressly admitted, Phillips 66 denies the allegations in Paragraph 33 of Plaintiff's Original Complaint.

34. Phillips 66 denies the allegations in Paragraph 34 of Plaintiff's Original Complaint.

35. Phillips 66 admits Plaintiff met with Macey Congalese on or around April 15, 2024. Except as expressly admitted, Phillips 66 denies the allegations in Paragraph 35 of Plaintiff's Original Complaint.

36. Phillips 66 denies the allegations in Paragraph 36 of Plaintiff's Original Complaint.

37. Phillips 66 admits Plaintiff met with Human Resources to complain about his performance plan on or about May 15, 2024. Except as expressly admitted, the allegations in Paragraph 37 of Plaintiff's Original Complaint.

38. Phillips 66 lacks sufficient information to admit or deny the allegations in Paragraph 38 of Plaintiff's Original Complaint and, therefore, denies the same.

39. Phillips 66 admits the allegations in Paragraph 39 of Plaintiff's Original Complaint.

40. Phillips 66 denies the allegations in Paragraph 40 of Plaintiff's Original Complaint.

41. Phillips 66 admits that Plaintiff met with Taya Berry on or about May 22, 2025 to discuss his performance plan. Except as expressly admitted, Phillips 66 denies the allegations in Paragraph 41 of Plaintiff's Original Complaint.

42. Phillips 66 denies the allegations in Paragraph 42 of Plaintiff's Original Complaint as drafted.

43. Phillips 66 admits Ms. Berry and Tracey Eason met with Plaintiff on or about May 29, 2024 to relay the Company's termination decision. Except as expressly admitted, Phillips 66 denies the allegations in Paragraph 43 of Plaintiff's Original Complaint.

44. Phillips 66 denies the allegations in Paragraph 44 of Plaintiff's Original Complaint.

45. Phillips 66 admits Ms. Berry and Tracey Eason met with Plaintiff on or about May 29, 2024 to relay the Company's termination decision. Except as expressly admitted, Phillips 66 denies the allegations in Paragraph 45 of Plaintiff's Original Complaint.

46. Phillips 66 denies the allegations in Paragraph 46 of Plaintiff's Original Complaint.

47. Phillips 66 denies the allegations in Paragraph 47 of Plaintiff's Original Complaint.

**CAUSES OF ACTION**

*COUNT 1: RACE DISCRIMINATION IN VIOLATION OF*
*TITLE VII OF THE CIVIL RIGHTS ACT OF 1964*

48. Phillips 66 admits that Plaintiff incorporates by reference all previous allegations, but denies that it engaged in any unlawful conduct and that Plaintiff is entitled to any of the relief that he seeks. Phillips 66 further incorporates its previous and subsequent responses to Plaintiff's allegations.

49. Phillips 66 admits that Plaintiff asserts claims under Title VII, but denies that it engaged in any unlawful conduct and that Plaintiff is entitled to any of the relief that he seeks.

50. Paragraph 50 of Plaintiff's Original Complaint is a legal conclusion to which no response is required.

51. Phillips 66 admits that Plaintiff is African American and that he holds himself out as having two decades of relevant experience. Except as expressly admitted, Phillips 66 denies the allegations in Paragraph 51 of Plaintiff's Original Complaint.

52. Phillips 66 denies the allegations in Paragraph 52 of Plaintiff's Original Complaint.

53. Phillips 66 denies the allegations in Paragraph 53 of Plaintiff's Original Complaint.

54. Phillips 66 denies the allegations in Paragraph 54 of Plaintiff's Original Complaint.

*COUNT 2: RETALIATION IN VIOLATION OF TITLE VII*
*TITLE VII OF THE CIVIL RIGHTS ACT OF 1964*

55. Phillips 66 admits that Plaintiff incorporates by reference all previous allegations, but denies that it engaged in any unlawful conduct and that Plaintiff is entitled to any of the relief that he seeks. Phillips 66 further incorporates its previous and subsequent responses to Plaintiff's allegations.

56. Paragraph 56 of Plaintiff's Original Complaint is a legal conclusion to which no response is required.

57. Phillips 66 denies the allegations in Paragraph 57 of Plaintiff's Original Complaint.

58. Paragraph 58 of Plaintiff's Original Complaint is a legal conclusion to which no response is required. To the extent a response is required, Phillips 66 denies the allegations in Paragraph 58 of Plaintiff's Original Complaint.

59. Phillips 66 denies the allegations in Paragraph 59 of Plaintiff's Original Complaint.

60. Paragraph 60 of Plaintiff's Original Complaint is a legal conclusion to which no response is required. To the extent a response is required, Phillips 66 denies the allegations in Paragraph 60 of Plaintiff's Original Complaint.

61. Phillips 66 denies the allegations in Paragraph 61 of Plaintiff's Original Complaint.

*COUNT 3: DISPARATE COMPENSATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e-2(a)(1)) and 42 U.S.C. § 1981*

62. Phillips 66 admits that Plaintiff incorporates by reference all previous allegations, but denies that it engaged in any unlawful conduct and that Plaintiff is entitled to any of the relief that he seeks. Phillips 66 further incorporates its previous and subsequent responses to Plaintiff's allegations.

63. Phillips 66 denies the allegations in Paragraph 63 of Plaintiff's Original Complaint.

64. Phillips 66 denies the allegations in Paragraph 64 of Plaintiff's Original Complaint.

65. Phillips 66 denies the allegations in Paragraph 65 of Plaintiff's Original Complaint.

66. Phillips 66 denies the allegations in Paragraph 66 of Plaintiff's Original Complaint.

67. Phillips 66 denies the allegations in Paragraph 67 of Plaintiff's Original Complaint.

68. Phillips 66 denies the allegations in Paragraph 68 of Plaintiff's Original Complaint.

69. Phillips 66 denies the allegations in Paragraph 69 of Plaintiff's Original Complaint.

*COUNT 4: HOSTILE WORK ENVIRONMENT BASED ON RACE IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964*

70. Phillips 66 admits that Plaintiff incorporates by reference all previous allegations, but denies that it engaged in any unlawful conduct and that Plaintiff is entitled to any of the relief that he seeks. Phillips 66 further incorporates its previous and subsequent responses to Plaintiff's allegations.

71. Phillips 66 admits Plaintiff asserts claims under 42 U.S.C. § 2000e-2, but denies that it engaged in any unlawful conduct and that Plaintiff is entitled to any of the relief that he seeks.

72. Phillips 66 denies the allegations in Paragraph 72 of Plaintiff's Original Complaint.

73. Phillips 66 denies the allegations in Paragraph 73 of Plaintiff's Original Complaint.

74. Phillips 66 denies the allegations in Paragraph 74 of Plaintiff's Original Complaint.

75. Phillips 66 denies the allegations in Paragraph 75 of Plaintiff's Original Complaint.

76. Phillips 66 denies the allegations in Paragraph 76 of Plaintiff's Original Complaint.

## DAMAGES

77. Phillips 66 admits that Plaintiff seeks the relief discussed in Paragraph 77, including subparts (A) through (I), of Plaintiff's Original Complaint, but denies that it engaged in any unlawful conduct and that Plaintiff is entitled to any of the relief that he seeks.

## JURY DEMAND

Phillips 66 admits that Plaintiff seeks a jury trial as alleged in Plaintiff's Original Complaint, but denies that it engaged in any unlawful conduct and that Plaintiff is entitled to any of the relief he seeks.

## <u>CONCLUSION</u>

WHEREFORE, PREMISES CONSIDERED, Defendant Phillips 66 Company prays Plaintiff Mark Samuel take nothing by his suit and that it recover its costs of suit and reasonable attorney's fees, where authorized by statute, and any and all such other relief to which it may show itself justly entitled. Phillips 66 reserves the right to assert additional defenses as appear applicable during the course of this litigation.

Dated: August 5, 2025                                    Respectfully submitted,

                                                         */s/ Shauna Johnson Clark*
                                                         Shauna Johnson Clark
OF COUNSEL:                                              State Bar No. 00790977
Heather Sherrod                                          Fed. ID. No. 18235
State Bar No. 24083836                                   shauna.clark@nortonrosefulbright.com
Fed. I.D. No. 1734213
heather.sherrod@nortonrosefulbright.com                  1550 Lamar St., Suite 2000
                                                         Houston, Texas 77010
Carolyn Webb                                             Telephone: (713) 651-5151
State Bar No. 24106558                                   Facsimile: (713) 651-5246
Fed I.D. No. 3150994
carolyn.webb@nortonrosefulbright.com                     ***Attorney-in-Charge for Defendant***
                                                         ***Phillips 66 Company***

**Norton Rose Fulbright US LLP**
1550 Lamar St., Suite 2000
Houston, Texas 77010
Telephone: (713) 651-5151
Facsimile: (713) 651-5246


### CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure, this pleading was served on opposing counsel on August 5, 2025.

    Kathryn Williams
    k.williams@danielwilliamslaw.com
    Helen Daniel,
    h.daniel@danielwilliamslaw.com
    Kaila Washington
    k.washington@danielwilliamslaw.com
    2201 Hermann Drive
    Houston, Texas 77004
    Telephone: (713) 229-9997
    Facsimile: (281) 501-6777

                                                         */s/ Heather Sherrod*
                                                         Heather Sherrod